CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 12 2014

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GOLDY THOMPSON, | CASE NO. 7:14CV00377 |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| CHRISTOPHER ZYCH, | By: Hon. Glen E. Conrad |
| | Chief United States District Judge |
| Respondent. | |

Goldy Thompson, a federal inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging the calculation of his term of confinement by the Bureau of Prison ("BOP"). The court finds that the petition must be summarily dismissed.[1]

Specifically, Thompson argues that he is entitled to credit against his sentence for the period of time he spent under home confinement with an electronic monitoring device on his ankle, from March 3 to December 19, 2012. He is mistaken.

Federal law requires that

> [a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in *official detention* prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585(b) (emphasis added). It is well established that "credit for time spent in 'official detention' under § 3585(b) is available only to those defendants who were detained in a 'penal or correctional facility,' § 3621(b), and who were subject to BOP's control. Reno v. Koray, 515 U.S. 50, 58 (1995). Since "§ 3585(b) reduces a defendant's 'imprisonment' by the

---

[1] See Rules 1(b) & 4, Rules Governing Section 2254 Cases (authorizing dismissal of habeas petition where it plainly appears from face of petition that petitioner is not entitled to habeas relief).

amount of time spent in 'official detention' before his sentence, . . . the period of presentence 'detention' must be equivalent to the 'imprisonment' itself." Id. at 59. "[T]ime spent on home confinement with electronic monitoring does not constitute time served in 'official detention' under 18 U.S.C. § 3585(b)." George v. Warden, No. 1:07CV147, 2008 WL 2954246 at *4 (N.D. W.Va. 2008) (quoting United States v. Prine, 167 F. App'x 962, 962 (4th Cir. 2008) (citations omitted).

Because Thompson is not entitled to the relief he seeks under § 2241 -- credit against his federal criminal sentence for the months he spent on home confinement -- the court will summarily dismiss his petition. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 12th day of August, 2014.

_____
Chief United States District Judge